IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:19-cv-250-FL

| | |
|---|---|
| EPIC GAMES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| C.B., | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT**
**OF CONSENT MOTION TO SEAL**

Defendant C.B. ("Defendant"), by and through counsel, submits this Memorandum in Support of the Joint Motion to Seal Exhibit A to the Declaration of Kari Bennett in the above-captioned case. The Consent Motion should be granted because Exhibit A to the Declaration is protected from public disclosure under Local Civil Rule 17.1(c) and Rule 5.2 of the Federal Rules of Civil Procedure, *see Yagoda v. New Hanover Child Protective Servs.*, No. 7:11-CV-00122-BO, 2011 WL 3911114, at *1 (E.D.N.C. June 30, 2011), *report and recommendation adopted sub nom.*, *Yagoda v. Davis*, No. 7:11-CV-122-BO, 2011 WL 3911111 (E.D.N.C. Sept. 5, 2011) (directing the Clerk to seal filed paper and noting "[i]n order to protect a minor's privacy, Rule 5.2(3) of the Federal Rules of Civil Procedure provides that only the minor's initials should be included in filings with the court"), or may be used to access such protected information, thereby overcoming the common law and First Amendment presumption of access. Any alternatives are inadequate to protect the minor's personal information and still provide the Court with the necessary information to review the Exhibit.

# ARGUMENT

## I. The Documents and Information for which Protection is Requested.

Defendant seeks to seal <u>Exhibit A</u> because it contains personal information regarding the Defendant in this matter, who is a minor.

## II. The Motion To Seal Does Not Violate The Common Law And First Amendment Right To Access.

A motion to seal should be granted when the right to access to the documents, as protected by both the common law and the First Amendment, is not violated. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The court begins with a presumption of a public's right to access; however, this presumption may be overcome when there is a competing interest that outweighs the interest to access. *Id.*

Here, the minor's privacy interests outweigh the public interest in access. There is no proper purpose or public service that could be achieved by public disclosure of the Defendant's personal and private information, including his full name, address, and financial information. On the other hand, as noted above, such information is protected from public disclosure under Local Civil Rule 17.1(c) and Rule 5.2(a)(3) of the Federal Rules of Civil Procedure or is information from which such information can be determined. Accordingly, the statutorily recognized interest of the minor's privacy rights outweighs the minimal interest of the public in this information and, therefore, overcomes the presumption to access of the public to this information.

## III. The Alternative to Sealing are Inadequate.

The alternatives to sealing are insufficient. An alternative to sealing would be redacting specific sensitive information from the Court's copy of the filings. However, the purpose of the inclusion of this information is so the Court may fully evaluate the terms of the settlement agreement entered into by the Defendant and Plaintiff in this case.

In the other filings submitted to this Court, any personal identifying information of Defendant has been redacted.

**IV.     The Requirements of the Court's Manual have been Met.**

Defendant has met the requirements of Section V(G)(1)(a)the Electronic Case Filing Administrative Policies and Procedures Manual by (1) specifying the exact document or item for which sealing is requested; (2) detailing how this request overcomes the common law and First Amendment presumption to access; (3) specifying the specific qualities of the material that justify the sealing; (4) providing the reasons why alternatives to sealing are inadequate; and (5) affirming that this motion is made with consent of the Plaintiff.

Accordingly, Defendant requests that the Consent Motion to Seal be granted, and Exhibit A be maintained under seal.

This 26th day of September, 2019.

/s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. Bar No. 10028
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
jon.sasser@elliswinters.com

David L. Hecht
Yi Wen Wu
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
277 Park Avenue, 45th Floor
New York, NY 10172
T: (212) 484-9866
E: dhecht@piercebainbridge.com
wwu@piercebainbridge.com

*Counsel for Defendant C.B.*