IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> C.B., by his general <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 5:19-cv-250-FL <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER OF APPROVAL

Plaintiff Epic Games, Inc. ("Plaintiff" or "Epic") and Defendant C.B., a minor ("Defendant" or "C.B."), together with his mother and general guardian, Kari Bennett ("Defendant's General Guardian" or "Ms. Bennett") (all, collectively, the "Parties") have reached an agreement to settle the dispute between them, including without limitation, the above-captioned action, and, as part of the settlement between them and in accordance with Local Civil Rule 17.1(b), consent, stipulate, and agree to the entry of this Order of Approval.

Based on the Parties' consent, stipulation, and agreement hereto, the allegations in the complaint, and the declaration of Ms. Bennett, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendant's guardian and mother, Ms. Bennett, consented to this district as the proper venue for this dispute and also consents to jurisdiction of this Court. (Bennett Dec. at ¶ 9.) No questions exist as to misjoinder or nonjoinder of parties. (Bennett Dec. at ¶ 7.)

2. Plaintiff and Defendant are properly represented before the Court. (*Id.* at ¶ 8.)

3. Plaintiff is represented by Catharine Biggs Arrowood, Christopher M. Thomas, and Catherine R.L. Lawson of the law firm Parker Poe Adams & Bernstein LLP. (D.E. 10, 6, 17.)

2

4. Defendant C.B. is a minor. (Bennett Decl. ¶ 3). Under Local Civil Rule 17.1(a), "[r]epresentation of minor . . . parties in a civil action shall be in accordance with Fed. R. Civ. P. 17(c). Federal Rule 17(c)(1) provides that a general guardian may defend on behalf of a minor. *See id.* In most cases, a parent qualifies as a "general guardian" who may act on behalf of a minor without needing a formal court appointment under Federal Rule 17(c). *See, e.g., Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F. Supp. 2d 1001, 131 Ed. Law Rep. 186 (W.D. Mich. 1998) ("Federal Rule of Civil Procedure 17(c) . . . provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue"); *accord* 42 Am. Jur. 2d Infants § 147 (same); *cf.* N.C. Gen. Stat. § 35A-1201(a)(6) ("The General Assembly of North Carolina recognizes that: . . . (6) Parents are the natural guardians of the person of their minor children . . . ."). Ms. Bennet seeks to act as Defendant's general guardian in this litigation. (Bennett Decl. ¶¶ 3-4). Accordingly, the Court recognizes that Defendant is represented in this matter by his mother and general guardian, Ms. Bennett, in accordance with Rule 17(c)(1) of the Federal Rules of Civil Procedure. *See Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996) ("Permitting the parent to act as a guardian saves the expense of appointing a guardian which is also an important policy consideration. Furthermore, a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child. And, as a practical matter, the Court may have a very limited ability to do so especially if the minors will not be made available to the guardian and/or reside out of state.")

5. Defendant's legal counsel in this case is Jonathan D. Sasser of the law firm Ellis & Winters, LLP, and David L. Hecht and Yi Wen Wu of the law firm Pierce Bainbridge Beck Price & Hecht, LLP. (Bennett Dec. at ¶ 8.) Defendant's legal counsel worked with Defendant and Ms. Bennett on this matter on a pro bono basis and assisted them in the defense and resolution of this litigation.

3

6. The Parties entered into the terms of a Settlement Agreement that is the subject of this Order of Approval voluntarily after consulting with counsel. (*Id.* at ¶¶ 10-11)

7. Defendant does not wish to pursue any affirmative defenses to Plaintiff's claims of copyright infringement, contributory copyright infringement, circumvention of technological measures, or trafficking in technology that is primarily designed, produced, and marketed for the purpose of circumventing a technological measure that effectively controls access to a copyright protected work. (*Id.* at ¶ 10)

8. As to the copyright claims, Plaintiff is the author, creator and owner of all rights, title and interest in several valid, registered, and enforceable copyrights asserted against Defendant. (Compl. [D.E. 1] at ¶¶ 33-34; Compl. Exh. C.)

9. Defendant's General Guardian and Defendant agree and are satisfied that the Settlement Agreement that is the subject of this Order is fair and reasonable. (Bennett Decl. ¶ 11) In particular, Defendant's General Guardian and Defendant believe that the terms of the Settlement Agreement properly account for C.B.'s status as a minor. (*Id.* at ¶¶ 11-12.)

10. This Court shall retain jurisdiction over Defendant for the purpose of implementing and enforcing the Settlement Agreement that is the subject of this Order of Approval.

**SO ORDERED.** This 27th day of September, 2019.

*/s/ Louise W. Flanagan*
The Honorable Judge Louise W. Flanagan
United States District Judge

**CONSENTED, STIPULATED AND AGREED TO:**

Attorney(s) for Epic Games, Inc.

By: _/s/_____

Name: Christopher M. Thomas

By: _/s/_____

Name: Catherine R.L. Lawson

Attorney(s) for C.B.

By: _/s/_____

Name: David L. Hecht

By: _/s/_____

Name: Jonathan P. Sasser

Kari Bennett, as an individual and as the mother and general guardian of C.B.

By: _/s/ Kari Bennett_____

Name: Kari Bennett